# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD J. WEIDER, | CASE NO. 1:06-cv-01627-OWW DLB PC |
| Plaintiff, | ORDER STRIKING SURREPLY |
| v. | (Doc. 15) |
| KATHY MENDOZA-POWERS, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT MENDOZA-POWERS' MOTION FOR SUMMARY JUDGMENT BE GRANTED, CONCLUDING THIS ACTION IN ITS ENTIRETY |
| Defendants. | |
| | (Doc. 12) |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant Mendoza-Powers' Motion for Summary Judgment**

I.   **Procedural History**

Plaintiff Bernard J. Weider ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was removed from state court on November 13, 2006, and is proceeding on plaintiff's allegations against defendant Mendoza-Powers ("defendant") for violation of the Eighth Amendment and for professional negligence.[1]  (Doc. 3). On October 15, 2007, defendant filed a motion for summary judgment, or in the alternative,

---

[1] Plaintiff also names Dr. Hgu H. Chang, Dr. John Papenfus, and C.M.O. Kathy Etchebehere as defendants in his complaint.  However, these defendants have not been served, and have not made an appearance in this action.

1

summary adjudication. (Doc. 12). Plaintiff filed an opposition on November 13, 2007.[2] Defendant filed a reply on November 21, 2007, and Plaintiff filed a surreply on December 6, 2007.[3] (Docs. 13-15.)

Plaintiff's opposition consists of a "conditional acceptance for proof of claim", wherein plaintiff states that he wants to accept the attorney general's presentments, but in order to do so he requires that defendant prove or disprove seventeen statements that he entitles "Proof of claim". Plaintiff also submits affidavit evidence. In reply, defendant argues that plaintiff has not complied with either F.R.C.P 56(e) or Local Rule 556-260(b),[4] and requests that the opposition be striken in its entirety, and that summary judgment be granted on her behalf.

The court has reviewed plaintiff's opposition and defendant's reply. Plaintiff's "Conditional Acceptance of Proof of Claim" fails to comply with F.R.C.P 56(e) or Local Rule 56-260, and will not be considered by the Court. Although plaintiff failed to reproduce Defendant's statement of undisputed facts and admit or deny each fact as required under the Local Rules, the Court exercises its discretion to overlook the deficiency and will consider the affidavit evidence filed by plaintiff in opposition. (Doc. 13, pp. 8-9).

**II.     Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the

---

[2] The court notes for the record that plaintiff was provided with the requirements for opposing a motion for summary judgment by defendant in her notice of motion filed October 15, 2007 (Doc. 12).

[3] Neither the Federal Rules of Civil Procedure nor the Local Rules provide a right to file a surreply. Plaintiff did not seek and was not granted permission to file a surreply and the surreply shall be stricken from the record.

[4] The correct Local Rule is 56-260(b).

2

burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

**III.    Undisputed Facts**

1. Defendant was employed by the State of California ("State") for approximately thirty-four years. During her 34 years of State service, she worked for various State agencies, including the California Department of Corrections and Rehabilitations ("CDCR") intermittently for approximately twenty-nine years. From approximately January 1995 through June 29, 2006, Defendant was Chief Deputy Warden at Avenal State Prison ("ASP") in Avenal California, and would periodically fill in as Acting Warden when necessary. From approximately June

30, 2006 to May 18, 2007, defendant was appointed as the Warden assigned to ASP. Defendant's primary duties as Warden at ASP were administrative. Defendant has never been a medical doctor or any other medical professional. Defendant's duties as Warden at ASP did not include providing any kind of medical care of treatment to inmates.

2. Defendant does not know plaintiff. She does not recall meeting him.

3. Defendant has never been the hiring authority for the ASP prison medical department, and was never responsible for supervising medical staff.

## IV. Eighth Amendment Medical Care Claim

Plaintiff alleges that around May 20, 2005, he was seen by Dr. Chang at Mercy Hospital. (Doc. 3, Comp., ¶14). Plaintiff alleges that he was told by Dr. Chang that the only treatment he would provide was either surgical or chemical castration. Plaintiff alleges that he was informed that he would be afforded no other medical treatment unless he paid for it himself. (Id.) Plaintiff alleges that as Warden or Trustee at Avenal State Prison, defendant Mendoza-Powers was responsible for ensuring that all inmates received proper medical care, including proper diagnosis and treatment by her staff and other medical doctors over which she has charge. Plaintiff further alleges that all defendants have "repeatedly delayed, or denied performing medical test and providing medical treatment for Plaintiff/Petitioners condition of the prostate". (Id., ¶8, 13). Plaintiff alleges both a violation of his Eighth Amendment protections, and professional negligence as against defendant Mendoza-Powers.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a

4

purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Defendant argues that she is entitled to summary adjudication on the claim against her because she did not act with deliberate indifference to plaintiff's medical needs. Defendant argues that plaintiff has not alleged or proved that defendant knew of an excessive risk to plaintiff's health. In support of her motion, Defendant submits evidence that she does not know plaintiff and does not recall meeting him. (Undisputed Fact 2.) Defendant has never been the hiring authority for the ASP medical department, and was never responsible for supervising medical staff (U.F.3). Defendant contends that at no time did she ever knowingly or intentionally cause plaintiff any pain, suffering, or injury of any kind (Doc. 12, Mendoza-Powers Decl., ¶6). Defendant contends that she never knowingly or intentionally disregarded any risk of harm or injury to plaintiff (Id.).

The Court finds that Defendant have met her initial burden of informing the Court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

1  (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from
2  which the inference could be drawn that a substantial risk of serious harm exists,' but that person
3  'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official
4  should have been aware of the risk, but was not, then the official has not violated the Eighth
5  Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,
6  290 F.3d 1175, 1188 (9th Cir. 2002)). At this stage in the proceedings, Plaintiff may not rely on the
7  general allegations in his complaint or on general assertions of wrongdoing by Defendant. Plaintiff
8  must come forth with specific evidence that Defendant "[knew] of and disregard[ed] an excessive
9  risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

10  In opposition, plaintiff attests that many inmate deaths have occurred at ASP due to improper
11  medical care, and that as the head of the institution and as a reviewer of 602 appeals, defendant was
12  aware of the improper medical care provided to inmates. (Doc. 13, Weider Decl., ¶4 - 7). Plaintiff
13  argues that defendant had the authority to act on behalf of plaintiff, and that defendant "knowingly
14  and intentionally disregarded the risk, harm and injury to the plaintiff when she did not act in his best
15  interest as the overseer once it was made know [sic] to her of a pending law suit". (Id., ¶8, 11).

16  The facts indicate that defendant was not involved in any way in plaintiff's medical care or
17  treatment. It is not even clear to this court what excessive risk to plaintiff's health plaintiff alleges
18  existed. The fact that defendant may review inmate appeals and is Warden at ASP is not evidence
19  that defendant knew of and disregarded an excessive risk to plaintiff's health. Farmer. Further,
20  plaintiff's belief that defendant did not act in plaintiff's best interests when made aware of the
21  lawsuit is not evidence that defendant knew and disregarded any excessive risk to his health.

22  In sum, plaintiff must present evidence that defendant possessed the requisite state of mind
23  and he has not done so. Plaintiff's conclusory allegations in his complaint are not sufficient to raise
24  a triable issue of material fact at this stage in the litigation. Plaintiff has submitted no admissible
25  evidence that defendant acted with deliberate indifference to a serious medical need and that plaintiff
26  suffered an injury as a result. Defendant is therefore entitled to judgment as a matter of law on
27  plaintiff's Eighth Amendment claims against her.
28  ///

**V.      Plaintiff's Professional Negligence Claim**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In the instant case, the court found that defendant is entitled to summary adjudication on plaintiff's federal claims against her. As a result, the only claim left in this action is a state law negligence claim. The court therefore recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim and that the claim be dismissed from this action, without prejudice.

**VI.      Conclusion and Recommendations**

Plaintiff has not submitted any admissible evidence supporting his claim that Defendant acted with deliberate indifference. Therefore, Defendant is entitled to judgment as a matter of law on the federal claims against her.

For the reasons set forth herein, it is HEREBY RECOMMENDED that Defendant Mendoza-Powers' motion for summary judgment, filed October 15, 2008, be GRANTED, and that the court decline to exercise supplemental jurisdiction over plaintiff's state law negligence claim against defendant Mendoza-Powers and that the claim be dismissed, without prejudice, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

1  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations." The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
4  1153 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:  July 17, 2008**                   /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE